MAUNEY v. MILLAR.

Opinion delivered March 29, 1915.

1. MINES AND MINERALS—LEASE—RIGHT OF LESSOR.—Plaintiff leased certain diamond lands to defendant, and claimed them on the ground that defendant fraudulently entered into the lease. *Held*, instructions that if these facts were true that the jury should find for the plaintiff, were sufficient.

2. MINES AND MINERALS—GENERAL VERDICT—SPECIAL FINDING.—Under Kirby's Digest, § 6208, answers to special interrogatories will overthrow a general verdict; special findings that a defendant did not secure a lease with intent to defraud the lessor, and that defendant has complied with the terms thereof, will overturn a general verdict for the lessor, based on the fraudulent procurement of the lease and noncompliance with its terms.

Appeal from Pike Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*W. C. Rodgers, J. C. Pinnix* and *Steel, Lake & Head*, for appellants.

1. If the defendants got possession of the mine in bad faith and for the purpose of injuring or defrauding the plaintiff in his property rights, he was entitled to a verdict, and the court erred in refusing to so instruct the jury. Fraud vitiates every transaction. 32 N. Y. 275; 1 Hun 303; 48 N. Y. S. 130; 1 Ind. App. 293; 42 Ia. 81; 93 Ind. 480.

2. The court erred in refusing to instruct the jury that if the defendants, in procuring the lease, did not intend to perform the duties required of them by law under the lease, they would not be permitted to assert a right to any of the diamonds claimed by the plaintiff. 52 Ark. 30-44; 22 Ark. 517-521.

4. The lease contract did not give to the lessee any right to wash or treat dirt for diamonds from any other mine than the Mauney mine. The court, therefore, should have instructed the jury that if they found that the lessees intended, in getting this lease, to wash dirt and material from the Kimberlite mine, and not with the intention and for the purpose of washing for diamonds in good

faith, etc., toward the plaintiff, their verdict should be for the plaintiff.

5. It is clearly the law that where one party to a contract refuses to perform its terms and requirements, the other party is thereby released from carrying it out, and the court should have instructed the jury to that effect. 88 Ark. 343-350; *Id.* 422; 38 Ark. 174-178; 65 Ark. 320; 105 Ark. 166-171; 99 Ark. 193-197; 97 Ark. 167-173; 41 Ark. Law Rep. 492-494.

*McRae & Tompkins,* for appellees.

The court's instruction is a clear statement of the issues in the case, and is correct. The instructions asked by the appellant were either not applicable or were covered by the instruction given by the court.

The special findings of the jury establish the fact that there was no fraudulent purpose of not complying with the lease, and also that the appellees had complied with it. Therefore, this being a suit in replevin, and the lease being valid, the action can not be maintained, because appellants were not entitled to possession of the partnership diamonds. 82 Ark. 244.

Had there been all manner of fraud in appellees' minds when they entered into the lease, not communicated to appellants, nor relied upon by them in making the contract, it would not have avoided the contract. 97 Ark. 265; 95 Ark. 131.

SMITH, J. Appellant was the plaintiff in the court below in an action to recover the possession of fifty-nine diamonds in the rough taken from the mine of appellant by appellee. The diamonds were small and in their rough condition were worth only the sum of $101. The complaint alleged, among other things, that in April, 1912, appellee procured a lease from appellant on certain diamond-bearing lands, and that it was procured for the fraudulent purpose of discrediting the mine and to keep appellant in the dark as to the value of the large diamonds discovered, to stifle the business of mining, to depress the value of the land and buy it for a minimum price. That appellees and their associates never intended to develop

the mine in good faith, but intended to defraud appellant out of the output of the mine, and to deprive him of the profits thereof. In short, the complaint alleged fraud in the inception of the lease. It also alleged numerous failures on the part of the lessees to comply with the terms of the lease, whereby it was cancelled. Under the terms of the lease appellant was to have one-fourth of the diamonds recovered and appellees three-fourths, with a proviso that either party had the right to fix the price, and, when so fixed, the other could buy at the price agreed upon.

Under the lease appellees were required to make quarterly reports to appellant showing the number and quality of the diamonds which had been mined, and reports had been made showing that a total of 867 diamonds had been mined; and it was further stipulated that appellant should have access to the mine at all times for the purpose of inspecting appellees' operations; and appellant offered proof tending to show that this right had not been freely accorded to him, and that appellees had in fact secured more diamonds than had been reported. It was also provided in the lease that appellees should treat a minimum of 10,000 loads of material each year, and as much more as could be reasonably done; and it was urged that this requirement of the lease had not been observed. Appellant also offered proof to show that appellees washed dirt for diamonds from another mine at the plant located on appellant's land, and that this action was in violation of the terms of the lease, in that it resulted in the possibility of confusion in the output of the two mines and limited the quantity of earth which could be treated from appellant's mine.

The court, of its own motion, gave the following instruction:

"No. 1. This is a replevin suit in which the plaintiff, M. M. Mauney, seeks to recover a lot of fifty-nine diamonds which he claims to be the owner of and entitled to the immediate possession of the same.

"In order for the plaintiff to recover in the replevin suit, the burden is upon him to prove by a preponderance of the testimony that he is the owner and entitled to the immediate possession of the property.

"The defendant holds the diamonds under the lease which was executed between them and the plaintiff, and were mined and washed under that lease and under that lease contract which provides that the plaintiff shall be entitled to one-fourth of the diamonds and the defendant entitled to three-fourths of them, and the plaintiff seeks to recover the diamonds and claims to be the owner of the entire lot on the ground that the defendant procured the lease by means of false and fraudulent representations, and for the purpose of getting possession of the diamond property and discrediting it and ultimately buying it up for a nominal consideration, and that they had no intention to honestly and faithfully carry out the lease contract at the time they entered into it, and further alleged that the defendant has not, in good faith, complied with the terms of that contract, and that these diamonds were mined in furtherance of that alleged false and fraudulent intent with which it is alleged that they entered into the contracts originally.

"Now, if you believe from a preponderance of the testimony, or greater weight of the testimony, that the defendant did procure the lease by means of false and fraudulent representations, with the intent to get possession of the property and to discredit it and to conceal the real value of the diamonds taken, with the false and fraudulent intent to acquire the ownership of the property for less than its value, and that they mined these diamonds in furtherance of this false and fraudulent intent, and that they have not substantially complied with the terms of the contract, you would find for the plaintiff the diamonds or their value which is testified to be in the neighborhood of one hundred dollars.

"If you fail to find these facts by a preponderance of the evidence, then your verdict would be for the defendants.

"The burden is upon the plaintiff to prove by a preponderance of the testimony that the contract was procured by means of fraud by false and fraudulent representations, and that the defendants had no real intention of carrying it out in good faith and that they have not carried it out, and that the diamonds were mined with that false and fraudulent intent."

At the request of appellant, the court gave an instruction upon the credibility of witnesses and the weight of evidence; but refused to give instructions requested by appellant which were substantially to the following effect: That the jury should find for appellant if they believed from the evidence that appellee got possession of the Mauney mine in bad faith, and for the purpose of injuring or defrauding appellant's property rights. And that they would find for appellant if they found that appellee in procuring the lease did not intend to perform the duties required of him by law under the lease. And that they should find for appellant if they found that appellees were washing dirt for diamonds which was taken out of any other mine than appellant's. And that they should find the lease void if they found that appellees were not complying with it. The court refused all of these instructions, and appellant excepted to the action of the court in each instance in refusing to give his requested instruction.

Over appellant's objection the court submitted to the jury the following interrogatories:

"1. Was the lease entered into by the defendants with the fraudulent purpose of not complying with its terms?

"2. Have the defendants failed to comply with the terms of the lease?"

And each of these interrogatories was answered by the jury in the negative. Yet, notwithstanding that fact, the jury returned a verdict for appellant for the diamonds, or their value. Upon motion of appellees, the court rendered judgment in their favor notwithstanding the general verdict of the jury.

We think the court committed no error in refusing the instructions requested by appellant. The instruction given by the court correctly and fairly submitted the issues involved to the jury, and, in view of the nature of this action, stated the law as favorably to appellant as could have been done. The special finding of the jury would, of course, prevail over the general finding. Section 6208, Kirby's Digest. And this special finding is, of course, conclusive of the fact that the lease was not void because of fraud in its procurement, on the one hand, nor through any failure to comply with it, on the other; and the judgment of the courst must, therefore, be affirmed.